# EXHIBIT A

E-FILED
3/26/2019 9:53 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV345178
Reviewed By: Matthew Carter

1  Sonia S. Waisman, State Bar No. 153010
   E-Mail: *swaisman@mwwdlaw.com*
2  Heather L. McCloskey, State Bar No. 193239
   E-Mail: *hlmccloskey@mwwdlaw.com*
3  McCLOSKEY, WARING, WAISMAN & DRURY LLP
   1960 East Grand Ave., Suite 580
4  El Segundo, California 90245
   Telephone No.: 310.524.0400
5  Fax No.: 310.524.0404

6  Attorneys for Plaintiff
   HARTFORD FIRE INSURANCE COMPANY

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9                     **COUNTY OF SANTA CLARA**

10
   HARTFORD FIRE INSURANCE                    Case No.   19CV345178
11 COMPANY,
                                              **COMPLAINT FOR DECLARATORY**
12                              Plaintiff,    **RELIEF**

13        v.

14 TURNER/DEVCON, a Joint Venture; and
   DOES 1 through 20, inclusive,
15
                                Defendants.
16

17

18        Plaintiff HARTFORD FIRE INSURANCE COMPANY ("Plaintiff" or "Hartford") alleges

19 against Defendants Turner/Devcon, a Joint Venture ("Turner/Devcon") and DOES 1 through 20,

20 inclusive, as follows:

21                              **INTRODUCTION**

22        1.    By this lawsuit, Hartford seeks a judicial determination and declaration that

23 Hartford owes no duty to defend or indemnify Turner/Devcon (under a general liability insurance

24 policy designating Turner/Devcon as a named insured) in connection with an underlying class

25 action civil rights lawsuit (including third-party claims therein) alleging violations of the

26 Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and California's Unruh

27 Civil Rights Act ("Unruh Act"), California Civil Code section 51 *et seq.*, at a stadium, based on

28 the alleged failure to comply with accessibility requirements.

                                        1
                   COMPLAINT FOR DECLARATORY RELIEF

1

**THE PARTIES**

2.      Plaintiff Hartford is, and at all relevant times was, a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and is, and at all relevant times was, authorized to transact business in the State of California.

3.      On information and belief, Defendant Turner/Devcon is, and at all relevant times was, a California joint venture with its principal place of business in northern California, and conducts business in northern California, including but not limited to Santa Clara County, California, where the stadium at issue in the underlying civil rights action is located.

4.      Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names because their true names and capacities are presently unknown to Hartford.  Hartford will amend this Complaint to state their true names and capacities once they are ascertained.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action, and each party to this action as each party has been doing business in the State of California within the time period relevant to the causes of action stated herein or has transacted business within the State of California.

6.      Venue in this Court is proper pursuant to California Code of Civil Procedure section 395 *et seq.*

**GENERAL ALLEGATIONS**

7.      Hartford issued commercial general liability policy number 57 CLR QF2000 (the "Policy") for the policy period April 4, 2012 to August 6, 2014.  The Policy is part of a project-specific owner-controlled insurance program (OCIP) for construction of Levi's Stadium in Santa Clara, California (the "Project").  Turner/Devcon is a Named Insured under the Policy.

8.      Subject to all of the Policy's terms, conditions, exclusions and limitations, the Policy's Insuring Agreement (under Coverage A) provides that Hartford will pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  The Policy applies to "bodily injury" and "property damage" only if it is caused by an "occurrence," defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

2

1    9.    The Forty Niners SC Stadium Company LLC, Forty Niners Football Company,

2   LLC, and Forty Niners Stadium Management Company LLC (collectively, the "Forty-Niners"),

3   the Santa Clara Stadium Authority (the "Stadium Authority") and the City of Santa Clara (the

4   "City"), who are and/or were owners and/or operators of the stadium and/or developers of the

5   Project, are defendants in a certified class action captioned *Abdul Nevarez and Priscilla Nevarez,*

6   *and on behalf of themselves and others similarly situated and Sebastian De Francesco v.*

7   *Forty Niners Football Co., LLC, et al,* Case No. 5:16-cv-07013 LHK-SVK, pending in

8   United States District Court for the Northern District of California, San Jose Division.

9    10.   As stated in the current operative Fourth Amended Complaint in the *Nevarez*

10  lawsuit ("Underlying Complaint"), that lawsuit is a "civil rights action" on behalf of each of the

11  members of the plaintiff class, comprised of individuals who are mobility disabled.  The

12  Underlying Complaint alleges ADA and Unruh Act violations based on alleged lack of access

13  (due to the class members' disabilities) when attending events at Levi's Stadium, more

14  specifically alleging inadequate parking, inaccessible suites, lack of sufficient accessible seating,

15  inaccessible entrances, inaccessible restrooms, inadequate signage, and other physical barriers.

16  The Underlying Complaint seeks declaratory and injunctive relief on behalf of the named

17  plaintiffs and other class members, as well as class-wide statutory damages pursuant to California

18  Civil Code section 52(a), "statutory minimum damages of $4,000 for each event when a class

19  member was denied full and equal access."  It asserts three claims for relief: (1) Violation of the

20  ADA, Title III; (2) Violation of the ADA, Title II; and (3) Violation of Unruh Civil Rights Act.

21   11.   As set forth in the Class Notices attached as exhibits to the December 7, 2018

22  Order Approving Class Notice in the Underlying Action, the underlying plaintiffs "**do not** seek

23  actual damages or treble damages" (emphasis in original).

24   12.   The Forty-Niners, the Stadium Authority and the City filed a third-party complaint

25  ("Underlying Third-Party Complaint") against Turner/Devcon, the Project's general contractor,

26  alleging that the "incident and damages alleged by the [underlying plaintiffs], if any, were caused

27  by the acts and/or omissions" of Turner/Devcon, and asserting causes of action for equitable

28  indemnity and for express contractual indemnity.

3

COMPLAINT FOR DECLARATORY RELIEF

13.     The *Nevarez* lawsuit identified in Paragraph 9 above, including the Underlying Complaint and the Underlying Third-Party Complaint, are collectively referenced hereinafter as the "Underlying Action."

14.     Turner/Devcon tendered the Underlying Action to Hartford for defense and indemnity under the Policy.  By letter dated November 8, 2018, Hartford denied a duty to defend or indemnify Turner/Devcon.

15.     A dispute has arisen between Hartford and Turner/Devcon as to whether Hartford owes a duty to defend or indemnify Turner/Devcon in connection with the Underlying Action.

## FIRST CAUSE OF ACTION

### (DECLARATORY JUDGMENT – No Duty to Defend)

16.     Hartford refers to and incorporates by reference Paragraphs 1 through 15, inclusive as though fully set forth herein.

17.     An actual and justiciable controversy exists between Hartford and Turner/Devcon as to whether policy terms, conditions, exclusions and limitations in the Policy apply to negate a duty to defend Turner/Devcon in connection with the Underlying Action.

18.     On information and belief, Turner/Devcon contends that Hartford has a duty to defend it in connection with the Underlying Action and that, pursuant to that duty, Hartford owes payment to Turner/Devcon for defense-related fees and expenses incurred and to be incurred in connection with the Underlying Action.

19.     Hartford disputes that it has a duty to defend Turner/Devcon in connection with the Underlying Action because, among other reasons, the Underlying Action does not assert a claim for "damages because of 'bodily injury' or 'property damage'" caused by an "occurrence" within the meaning of the Policy.

20.     Hartford desires a judicial determination as to the respective rights and duties of Hartford and Turner/Devcon under the Policy in connection with the defense of the Underlying Action.  In particular, Hartford seeks a declaration that Hartford has no duty to defend Turner/Devcon in connection with the Underlying Action.

///

4

21.     Such a declaration is necessary and appropriate at this time for Hartford to ascertain its rights and duties, if any, under the Policy.

## SECOND CAUSE OF ACTION

### (DECLARATORY JUDGMENT – No Duty to Indemnify)

22.     Hartford refers to and incorporates by reference Paragraphs 1 through 21, inclusive as though fully set forth herein.

23.     An actual and justiciable controversy exists between Hartford and Turner/Devcon as to whether policy terms, conditions, exclusions and limitations in the Policy apply to negate a duty to indemnify Turner/Devcon in connection with the Underlying Action.

24.     On information and belief, Turner/Devcon contends that Hartford has a duty to indemnify Turner/Devcon in connection with the Underlying Action and that, pursuant to that duty, Hartford owes payment to Turner/Devcon for any settlement or judgment and related costs in connection with the Underlying Action.

25.     Hartford disputes that it has a duty to indemnify Turner/Devcon in connection with the Underlying Action, whether in connection with settlement, judgment or any other sums, because, among other reasons, the Underlying Action does not assert a claim for "damages because of 'bodily injury' or 'property damage'" caused by an "occurrence" within the meaning of the Policy.

26.     Hartford desires a judicial determination as to the respective rights and duties of Hartford and Turner/Devcon relating to alleged indemnity obligations under the Policy in connection with the Underlying Action, including any settlement or judgment or any other sums. In particular, Hartford seeks a declaration that Hartford has no duty to indemnify Turner/Devcon in connection with the Underlying Action.

27.     Such a declaration is necessary and appropriate at this time for Hartford to ascertain its rights and duties, if any, under the Policy.

///

///

///

COMPLAINT FOR DECLARATORY RELIEF

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Hartford asks for judgment as follows:

1.    On the First Cause of Action, Hartford seeks a judicial determination that Hartford has no duty to defend Turner/Devcon in connection with the Underlying Action;

2.    On the Second Cause of Action, Hartford seeks a judicial determination that Hartford has no duty to indemnify Turner/Devcon in connection with the Underlying Action;

3.    On Each Cause of Action, Hartford seeks a judicial determination of any additional rights or obligations necessary to support the foregoing relief; and

4.    On each Cause of Action, Hartford seeks such other and further relief as the Court deems just and proper.

Dated:  March 26, 2019                    McCLOSKEY, WARING, WAISMAN & DRURY LLP

By:_____
                    Sonia S. Waisman
                    Heather L. McCloskey

Attorneys for Plaintiff
HARTFORD FIRE INSURANCE COMPANY

6

COMPLAINT FOR DECLARATORY RELIEF