UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>TURNER/DEVCON,<br><br>    Defendant. | Case No. 19-cv-01622-NC<br><br>**ORDER GRANTING PLAINTIFF AND THIRD-PARTY DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 65, 66 |
| TURNER/DEVCON,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>ALTERRA AMERICA INSURANCE COMPANY,<br><br>    Third-Party Defendant. | |

Before the Court is plaintiff Hartford Fire Insurance and third-party defendant Alterra America Insurance Company's motion for summary judgment. *See* Dkt. Nos. 65, 66. Both parties argue that they do not have a duty to defend defendant Turner/Devcon in connection with an underlying Americans with Disabilities Act ("ADA") lawsuit. The Court previously confronted an identical dispute between Turner/Devcon and third-party defendant Westchester Surplus Lines Insurance Company. *See* Dkt. No. 57. Because

Turner/Devcon has not meaningfully distinguished the current dispute from its previous dispute with Westchester, the Court GRANTS Hartford and Alterra's motions for summary judgment.

## I. Background

The background facts are undisputed. In 2016, Abdul Nevarez sued the City of Santa Clara, the Forty Niners football team, and related corporate entities alleging that the Forty Niners' stadium lacked sufficient public accommodations, such as accessible seating, restrooms, and signage. *See Nevarez v. Forty Niners Football Co., LLC*, Case No. 16-cv-07013-LHK (N.D. Cal.), Dkt. No. 195 ("*Nevarez* Compl.") ¶ 13. Nevarez brought putative class claims under the Americans with Disability Act ("ADA") and California's Unruh Act. *Id.* ¶¶ 84 – 117.

The Forty Niners, in turn, sued Turner/Devcon, who built the stadium. *See Nevarez*, Dkt. No. 107 ("Niners Compl."). In their third-party complaint, the Forty Niners seek equitable indemnity, alleging that any liability was caused by Turner/Devcon's negligence. *Id.* ¶ 9. The Forty Niners also allege that Turner/Devcon contractually agreed to indemnify them for any suit relating to "penalties or fines levied or assessed for violations of any Legal Requirement." *Id.* ¶ 13. Both Nevarez and the Forty Niners' lawsuits are still pending.

This lawsuit was brought by Hartford, who seeks declaratory relief that it owes Turner/Devcon no duty to defend or indemnify in connection with the *Nevarez* lawsuit. *See* Dkt. No. 1. Turner/Devcon countersued and also brought claims against Westchester and Alterra seeking to compel their defense. *See* Dkt. Nos. 18, 19. The Court granted Westchester's motion to dismiss and dismissed Westchester on August 9, 2019, finding that the underlying facts in the *Nevarez* lawsuit did not constitute an "occurrence" under California law. *See* Dkt. No. 57.

Hartford and Alterra now move for summary judgment on identical grounds. *See* Dkt. Nos. 65, 66. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 10, 16, 32, 33.

## II. Legal Standard

Under Federal Rules of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Once the moving party meets its burden, then the non-moving party must cite "particular parts of materials in the record" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A "genuine issue" exists if a reasonable jury could find for the non-moving party. *E.g.*, *Open Text v. Box, Inc.*, No. 13-cv-04910-JD, 2015 WL 428365, at *1 (N.D. Cal. Jan. 30, 2015). On summary judgment, the Court does not make credibility determinations or weigh conflicting evidence, as these determinations are left to the trier of fact at trial. *Bator v. State of Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).

## III. Discussion

Hartford and Alterra's motions for summary judgment largely retrace Westchester's motion to dismiss.[1] Put briefly, Hartford and Alterra contend that they have no duty to defend Turner/Devcon in connection with the *Nevarez* lawsuit because the construction of the Forty Niners' stadium was an intentional act, which is not a covered "occurrence" under its policy.

In the previous order granting Westchester's motion to dismiss, the Court followed *Modern Dev. Co. v. Navigators Ins. Co.*, 111 Cal. App. 4th 932, 943 (2003) and *Pacatte Constr. Co. v. AMCO Ins. Co.*, No. 12-cv-01472-JST, 2013 WL 2153675, at *5–6 (N.D. Cal. May 16, 2013), which tackled similar duty to defend claims with underlying ADA lawsuits. In both cases, the courts reasoned that constructing a building in a particular manner was a deliberate act. Because Westchester's policy only covers "occurrences" or "accidents," it did not cover Turner/Devcon's construction of the Forty Niners' stadium.

---

[1] The arguments made in the parties' briefing also reflects arguments made in Turner/Devcon's prior motion for reconsideration. *See* Dkt. Nos. 58, 59.

The same reasoning applies here. Hartford covers "occurrences" that are defined the same way as in Westchester's policy. *See* Dkt. No. 36-2, Ex. D § III.B; Dkt. No. 36-2, Ex. E § V.16. Likewise, as an excess insurer, Alterra provides coverage only if Westchester provides coverage. *See* Dkt. No. 66-1, Ex. A. Thus, Hartford and Alterra do not owe Turner/Devcon a duty to defend in the underlying *Nevarez* lawsuit.

Turner/Devcon offers two new arguments in support of its position. Neither are persuasive.

First, Turner/Devcon points out that Hartford originally accepted its duty to defend by letter in August 2018. *See* Dkt. No. 68-1. In that letter, Hartford acknowledged that the *Nevarez* plaintiffs' third amended complaint asserted liability caused by an "occurrence." *See id.* at 1, 4. According to Turner/Devcon, Hartford could not subsequently withdraw its defense when the *Nevarez* plaintiffs filed their fourth amended complaint. However, Hartford's initial defense of the third amended complaint was "subject to a full reservation of rights." *Id.* at 1. Under California law, "waiver requires the insurer to intentionally relinquish its right to deny coverage." *Ringler Assocs. Inc. v. Md. Cas. Co.*, 80 Cal. App. 4th 1165, 1188 (2000).

Second, Turner/Devcon attempts to distinguish Hartford's duty to defend from Westchester's duty. The Westchester policy describes Westchester's "the right and . . . opportunity to be associated with the defense" (*see* Dkt. No. 36-6 § C.1), while the Hartford policy makes clear that it has an intrinsic duty to defend (*see* Dkt. No. 36-7). This distinction is unpersuasive. Westchester's policy simply describes its role as an excess insurer who does not have to step in until Turner/Devcon exhausts its primary coverage. In any case, the reasoning in *Modern Development* and *Pacatte* are equally applicable to excess and primary insurers.

**IV. Conclusion**

The Court GRANTS Hartford and Alterra's motions for summary judgment. Because no claims remain, the Court will enter judgment.

/ / /

4

**IT IS SO ORDERED.**

Dated: February 21, 2020  _____
NATHANAEL M. COUSINS
United States Magistrate Judge